UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER P.[1],

                      Plaintiff,

v.                                                      1:21-CV-274 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

## DECISION AND ORDER

Plaintiff Christopher P. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8, 10. For the reasons below, the Court grants Plaintiff's motion and denies the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On December 5, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[2] Tr. 82.[3] Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 16, 2019, Plaintiff appeared before the ALJ, John G. Farrell. Tr. 32-64. On March 4, 2020, ALJ Farrell issued a written decision finding Plaintiff not disabled under the Social Security Act. Tr. 12-31. On January 7, 2021, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Thereafter, Plaintiff timely sought judicial review in this Court.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means

---

[2] SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age,

education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ made the following five findings of fact and conclusions of law. Tr. 17-26. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2017. Tr. 17. Second, the ALJ found that Plaintiff had the severe impairments of major depressive disorder with psychotic features; schizophrenia; attention-deficit hyperactivity disorder ("ADHD"); bipolar disorder; generalized anxiety disorder; and social phobia. *Id*. Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. Tr. 18. Fourth, the ALJ found that Plaintiff had the RFC to perform a full range of work. T. 19. In addition, the ALJ found that Plaintiff could perform no more than simple, routine tasks, with occasional interaction with the public and coworkers. *Id*. The ALJ found that Plaintiff was limited to "low stress work (with infrequent changes in the workplace gradually introduced and no production pace work)." *Id*. Fifth, the ALJ determined that Plaintiff was able to perform past relevant work as a "laundry worker I." Tr. 24. The ALJ determined, in addition to past relevant work, there

were jobs that existed in significant numbers in the national economy Plaintiff could perform. *Id.*

## II. Plaintiff's Argument

Plaintiff argues "[t]he ALJ's RFC is unsupported because he gave the greatest weight to a state agency reviewing opinion for psychological impairments, and he ignored significant portions of that opinion when coming to his decision." Dkt. No. 7 at 10.

## III. Analysis

Plaintiff argues that despite finding the opinion of non-examining State agency consultant, H. Tzetzo, M.D., persuasive, the ALJ failed to provide any discussion of the doctor's opinion that Plaintiff had moderate limitations in interacting with supervisors and, therefore, the ALJ's RFC determination is not supported by substantial evidence. *See generally* Dkt. No. 7. Plaintiff does not assert that the ALJ erred in concluding he could perform simple, routine tasks with occasional interaction with the public and coworkers, low stress work, or work at all exertional levels. Plaintiff only asserts that the ALJ failed to assess Dr. Tzetzo's statement that Plaintiff was moderately limited in his ability to interact appropriately with supervisors. *Id.* at 11.[4]

Plaintiff's RFC is the most he can still do despite his limitations. 20 C.F.R. § 416.945(a)(1). The basic social demands of work include "responding appropriately

---

[4] For ease of analysis and discussion, only relevant portions of the record will be discussed.

to supervision, co-workers and usual work situations." *Id.* § 416.922(b)(5). Mental RFC forms completed by consultative sources list the public, supervisors, and co-workers as distinct groups, and are separately addressed on the forms. *See Michelle A. v. Saul*, No. 19-CV-991, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020).

Dr. Tzetzo reviewed Plaintiff's record and completed a psychiatric review technique form ("PRTF") and a mental RFC form. Tr. 73-79.[5] In the PRT form, Dr. Tzetzo indicated that Plaintiff had a "moderate" limitation in his ability to "interact with others." Tr. 74.[6] Moderate is defined as, plaintiff's ability to function in this area "independently, appropriately, effectively, and on a sustained basis is fair." Listing 12.00F2. In a narrative section of the PRT form, Dr. Tzetzo stated,

---

[5] As summarized in SSR 96-08:

> [t]he psychiatric review technique described in [20 C.F.R. §§ 404.1520a and 416.920a] and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

SSR 96-08p, 1996 WL 374184, at *4.

[6] "Interact with others" is one of the four "paragraph B" criteria; the other criteria are understand, remember, or apply information; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3).

7

"[Plaintiff's] ability to deal with co-workers and the public would be somewhat reduced, but adequate to handle only brief and superficial contact. Similarly, her [sic] ability to tolerate and respond appropriately to supervision would be reduced, but adequate to handle ordinary levels of supervision in the customary work settings." Tr. 75

In the RFC form, Dr. Tzetzo indicated Plaintiff was "moderately limited" in his ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. Tr. 78. When asked to explain in narrative form the social interaction capacities and/or limitations, Dr. Tzetzo referred the reader to her PRTF narrative. *Id.*

In his decision, the ALJ discussed portions of Dr. Tzetzo's opinion. Tr. 23. The ALJ noted that the doctor concluded that Plaintiff could engage in "simple work tasks" and, further, "concluded that [Plaintiff] has a somewhat reduced ability to deal with coworkers and the public but can handle brief and superficial contact." *Id.* The ALJ did not mention any other portions of Dr. Tzetzo's opinion. The ALJ found the opinion "persuasive." *Id.*

The ALJ's RFC determination, that Plaintiff could perform simple routine tasks with occasional interaction with the public and coworkers, is consistent with Dr. Tzetzo's opinion that Plaintiff could handle brief and superficial contact with

8

coworkers and the public. However, the ALJ does not mention Dr. Tzetzo's opinion regarding Plaintiff's ability to interact with supervisors. To be sure, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

Additionally, moderate limitations are not inherently inconsistent with the ability to perform the duties of unskilled work. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).

Remand may be appropriate, however, "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Here, the ALJ failed to assess, or mention, Plaintiff's ability to interact appropriately with supervisors despite contradictory evidence in the record. Further, meaningful review is frustrated because the ALJ comprehensively discussed two of Dr. Tzetzo's moderate social limitations and provided analysis connecting the doctor's opinion to the

9

limitations provided for in the RFC, yet provided no discussion or analysis of the third social limitation.

The Commissioner argues that the ALJ's RFC does not deviate from Dr. Tzetzo's narrative statement, that Plaintiff's ability to tolerate and respond appropriately to supervision would be reduced, but adequate to handle ordinary levels of supervision in the customary work settings. Dkt. No. 8 at 9-10. However, *post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support his conclusions by reference to substantial evidence. *Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018). The ALJ did not discuss that portion of Dr. Tzetzo's opinion and the ALJ's reasoning for not including additional social limitations in the RFC cannot be gleaned from the decision. *See Salmini v. Comm'r Soc. Sec.*, 371 F. App'x. 109 (2d Cir. 2010) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability")).

Plaintiff also appears to argue that the ALJ erred in "giving greatest persuasive weight to a state agency reviewing consultant," while rejecting the only examining opinion of record. Dkt. No. 7 at 14.[7] Plaintiff's argument is without

---

[7] Consultative examiner, Christine Ransom, Ph.D., provided the only other medical opinion in the record. Tr. 461. The ALJ found her opinion "not fully persuasive," reasoning Plaintiff had greater limitations than she provided based on additional evidence in the record. Tr. 23.

10

merit. The regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 416.920c; *see* 82 FR 5844-01 (revised regulations will "help eliminate confusion about a hierarchy of medical sources and instead focus adjudication more on the persuasiveness of the content of the evidence"). Therefore, the ALJ did not commit legal error in finding the opinion of non-examining source, Dr. Tzetzo, persuasive.

Plaintiff also argues "the ALJ should have ordered an updated consulting examination, or endeavored to get a treating opinion to establish Plaintiff's functional limitations." Dkt. No. 7 at 14. Nothing in this order should be read as preventing the ALJ from obtaining additional evidence on remand should he find it necessary. *See* 20 C.F.R. § 416.919a (an ALJ "may decide to purchase a consultative examination").

In sum, remand is required for a proper evaluation of Plaintiff's ability to interact with supervisors based on Dr. Tzetzo's opinion and other evidence in the record.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings (Dkt. 7) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 8). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   June 13, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE